IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| TIM PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-1383-MLB |
| | ) |
| ARK CITY POLICE DEPARTMENT, | ) |
| SEAN WALLACE, and ERIC MATA, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

This matter is before the court on the plaintiff's motion for leave to proceed in forma pauperis (Doc. 4). For the reasons stated below, the court recommends that plaintiff's motion be DENIED and that this matter be dismissed. Because denial of in forma pauperis status is a dispositive action,[1] the undersigned Magistrate Judge issues this report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B).

### **Background[2]**

Plaintiff filed this lawsuit under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 alleging that defendants violated his "civil or equal" rights.[3] Defendant Eric Mata is a Sergeant

---

[1] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Gee v. Estes*, 829 F.2d 1005, 1006 (10th Cir. 1987).
[2] These facts are taken from the Complaint (Doc. 1) and the Supplement to Complaint (Doc. 5) filed by plaintiff.
[3] Plaintiff attempted to file this action on behalf of a non-profit organization, Tap House 2001, Inc. ("Tap House"), for which he purports to be the Chief Executive Officer. (Doc. 1, at 1, 7-8.) Plaintiff cannot properly pursue this claim as a non-attorney corporate officer appearing pro se. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (internal citation omitted).

and defendant Sean Wallace is the Chief of Police with the Arkansas City ("Ark City")[4] Police Department. Plaintiff alleges that on April 25, 2013 he was walking on a public street when Officer Mata approached him by car and asked him to identify himself. Plaintiff asserts that, at some unknown time, he spoke with Chief Wallace regarding alleged harassment by Ark City officers, and that Wallace sent police "officers to intimidate" him. Plaintiff further contends that the police department "detained him or racial profiled him in 2004" and that "this is a continuous thing." Plaintiff claims that he is entitled to relief "because of the defendants' negligent behavior" and because the officers harassed and racially profiled him. Plaintiff seeks actual damages and punitive damages in the amount of $10,000,000.

## Analysis

A federal court may authorize a plaintiff to proceed with a lawsuit in forma pauperis (without prepayment of fees) where the plaintiff supplies an affidavit that shows he is unable to pay such costs.[5] In forma pauperis status is a privilege, not a right, and it is within the court's sound discretion to grant or deny plaintiff's request.[6] Under 28 U.S.C. § 1915(e)(2)(B), the court may dismiss the case at any time if the court determines

---

[4] The court identifies the parties as plaintiff has done throughout his pleadings. However, plaintiff misidentifies Arkansas City, Kansas as "Ark City." *See* Doc. 1 at 1, *but see* "Welcome to Arkansas City Kansas" at http://www.arkcity.org/portal/portal.aspx and "Arkansas City Police Department," at http://www.arkcity.org/index.aspx?nid=11.
[5] 28 U.S.C. § 1915(a)(1).
[6] *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. Apr. 11, 2013) *aff'd*, 2013 WL 5878803 (10th Cir. Nov. 4, 2013); *see also Graham v. Sec'y of Health & Human Servs.*, 785 F. Supp. 145, 146 (D. Kan. 1992) ("The privilege to proceed in forma pauperis, however, is not absolute.").

that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[7]

Plaintiff proceeds pro se and therefore his pleadings must be liberally construed.[8] However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[9] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[10] As discussed below, plaintiff fails to state a viable claim for relief and this court finds this action to be frivolous.

## I. Failure to state a claim

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that he suffered the deprivation of a right secured by the constitution or laws of the United States and that the defendant, acting under color of state law, caused the deprivation.[11] If the named defendant is a municipality or other local governmental agency, the plaintiff must demonstrate that a municipal policy or custom motivated the constitutional deprivation.[12] Here, plaintiff has neither identified a policy or custom by the defendants nor provided facts by which to infer the same. Moreover, the police department lacks capacity to be

---

[7] 28 U.S.C. 1915(e)(2)(B).
[8] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[9] *Id*.
[10] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[11] *Lingenfelter v. Bd. of County Comm'rs of Reno County, Kan.*, 359 F. Supp. 2d 1163, 1168 (D. Kan. 2005) (citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).
[12] *Id*. (citing *Monell v. New York City Dep't of Social Svcs.,* 436 U.S. 658 (1978)).

sued in its own name and, even if plaintiff were given the opportunity to amend his complaint to name the city as a proper defendant, his claim against the individual officers would similarly fail as described below.[13]

Plaintiff's primary claim appears to be that he was wrongfully detained by defendants. But a police officer is permitted to approach a citizen, ask him questions, and even request identification without implicating the Fourth Amendment prohibition against unreasonable search and seizure.[14] Only if plaintiff did not have an objective reason to believe that he was not free to end his conversation with the officer would the encounter rise to the level of detention.[15]

Plaintiff has alleged no facts to indicate that he did not believe he was free to end the encounter with Sergeant Mata. He alleges only that Mata "drove past [plaintiff] twice" and that "officer Mata made a U-turn . . . and approached" and asked plaintiff if he were "Kelly Anderson." Additionally, plaintiff alleges no facts to support an allegation of detention by Officer Wallace. Therefore, he has stated no facts to support a claim of

---

[13] *Mays*, 419 F. App'x at 795 (noting that though the sheriff's department lacked capacity to be sued, the county government would be responsible for any misconduct of the sheriff and a pro se litigant would normally be permitted to amend his complaint; however, this would not be necessary if plaintiff's claims against the individual officers would fail.).

[14] *United States v. Esparza-Mendoza*, 386 F.3d 953, 957-58 (10th Cir. 2004). *See also United States v. Hbaiu*, 202 F. Supp. 2d 1177, 1181-82 (D. Kan. 2002) (describing the three general types of police-citizen encounters, and noting that even an officer following a citizen's vehicle down the road does not equate to a Fourth Amendment seizure.); *United States v. Ortiz-Del Rio*, 2011 WL 1375430, at *2 (D. Kan. Apr. 12, 2011) (describing police-citizen encounters and finding that a consensual encounter only transforms "from consensual to a seizure when that person has an objective reason to believe he or she is not free to end the conversation with the officer and proceed on his or her way.")(internal citations omitted).

[15] *Esparza-Mendoza*, 386 F.3d at 958; *Ortiz-Del Rio*, 2011 WL 1375430, at *2.

detention, wrongful or otherwise.

Plaintiff does, however, specifically allege that defendants detained him in 2004.[16] But plaintiff merely states that he was detained, without offering any facts to support his conclusion. Even if evidence of detention had been offered, any claim based on defendants' actions in 2004 would be barred by the applicable two-year statute of limitations.[17]

Plaintiff's claims for negligence and racial profiling similarly fail. Plaintiff does not set forth any facts which support a claim of negligence by any of the defendants. Similarly, plaintiff alleges "racial profiling" without providing any facts of his race or how the consensual encounter with the police equates to profiling. That allegation is conclusory.

Because the plaintiff's complaint requests in forma pauperis status under 28 U.S.C. § 1915, his claims are "subject to sua sponte dismissal by the district court under § 1915(e)(2) if it is clear from the face of the complaint that the claim is frivolous or malicious."[18] To determine whether an action is frivolous, the court must evaluate whether the plaintiff can provide a rational argument on the facts or law in support of his claim.[19] Because it is clear from the face of the complaint that the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face,"[20] the complaint

---

[16] Suppl. to Compl., Doc. 5 at 1.
[17] Kan. Stat. Ann. § 60-513.
[18] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 795 (10th Cir. 2011)
[19] *Graham* (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).
[20] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

is recommended for dismissal under 28 U.S.C. § 1915(e)(2)(B).

## II. Additional frivolous litigation

Plaintiff's pro se status does not permit him to engage in repetitive, frivolous litigation.[21] Such filings can "compromise the interests of justice when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests."[22] Since the filing of this action on October 8, 2013, plaintiff has filed three (3) additional civil actions in this court, including *Perry v. City Clerk of Winfield, Kansas*, 13-1408-MLB (filed Oct. 28, 2013); *Perry v. Cowley County Community College*, 13-1425-JTM (filed Nov. 12, 2013); and *Perry v. Pringle*, 13-1436-MLB (filed Nov. 18, 2013). This court recommends dismissal of the three actions currently assigned to the undersigned U.S. Magistrate Judge.[23]

## Recommendation

**IT IS HEREBY RECOMMENDED** that plaintiff's motion to proceed without payment of fees **(Doc. 4)** be **DENIED**. **IT IS FURTHER RECOMMENDED** that this matter be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B). **IT IS FURTHER RECOMMENDED** that the district court consider imposition of filing restrictions on

---

544, 570 (2007)).
[21] *Webb v. Vratil*, 12-2588-EFM, Doc. 8, at 2 (citing *McWilliams v. State of Colo.*, 121 F.2d 573, 574 (10th Cir. 1997)).
[22] *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. April 11, 2013) (citing *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal citations omitted)).
[23] *See Perry v. City Clerk of Winfield, Kansas*, 13-1408-MLB (Doc. 5); *Perry v. Pringle*, 13-1436-MLB (Doc. 4).

6

plaintiff's future filings in order to protect the court from any strain on its resources, as previously found reasonable by this court.[24]

Pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b) and D. Kan. Rule 72.1.4(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this recommendation and report. Failure to make a timely objection waives appellate review of both factual and legal issues.[25]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of December, 2013.

                                               /S Karen M. Humphreys
                                               KAREN M. HUMPHREYS
                                               United States Magistrate Judge

---

[24] *See Blaylock*, 2013 WL 1491207, at *4-6; *Brooks v. 10th Cir. Court of Appeals*, 10-2452-MLB, Doc. 44 (D. Kan. Sept. 28, 2010); *Graham v. Sec'y of Health and Human Svcs.*, 785 F. Supp. 145, 146-47 (D. Kan. 1992).

[25] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).