**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TIM PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 13-1383-MLB |
| | ) | |
| ARK CITY POLICE DEPARTMENT, | ) | |
| SEAN WALLACE and ERIC MATA | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the following:

1) Chief Magistrate Karen Humphrey's report and recommendation (Doc. 6) denying plaintiff's motion to proceed in forma pauperis and recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2) Plaintiff's objection (Doc. 7).

**I. Standards**

The standards this court must employ upon review of plaintiff's objection to the Recommendation and Report are clear. See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. First, only those portions of the Recommendation and Report plaintiff specifically identified as objectionable will be reviewed. See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000). Second, review of the identified portions is de novo. Thus, the Recommendation and Report is given no presumptive weight. See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

**II. Analysis**

Plaintiff filed this action against defendants alleging he was

racially profiled when he was questioned on the street by a police officer. Plaintiff states that an officer passed him twice on the street and then asked him if he was "Kelly Anderson." Plaintiff also alleges that he was "detained or racial profiled in 2004."

The magistrate held that officers have the right to question citizens about their identities and, therefore, plaintiff's complaint fails to state a claim. Plaintiff objects on the basis that an investigative detention must be based on specific articulable facts and that the officer in this case did not have a reason to stop him[1]. The Supreme Court has held that a police officer is free to ask a person for identification and their identity without implicating the Fourth Amendment. Hiibel v. Sixth Jud. Dist. Court of Nevada, 542 U.S. 177. 185 (2004). The cases cited by plaintiff in his objection do not overrule the decision of the Supreme Court. Therefore, the allegations do not support a violation of plaintiff's Fourth Amendment rights.

Plaintiff's conclusory claim that he was detained or racially profiled ten years ago must also be dismissed. The claim is not based on any factual allegations. "[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III. Conclusion**

Plaintiff's objections to Chief Magistrate Judge Humphrey's December 19, 2013, Order are OVERRULED (Doc. 7) and the court adopts the report and recommendation in its entirety. (Doc. 6). This action

---

[1] Apparently, plaintiff was on foot at the time and the officer was in a patrol vehicle.

is dismissed with prejudice pursuant to § 1915(e)(2)(B)(i), (ii).  No motion for reconsideration will be allowed.  Fed. R. Civ. P. 1.

IT IS SO ORDERED.

Dated this __14th__ day of January 2014, at Wichita, Kansas.

>     s/ Monti Belot
>     Monti L. Belot
>     UNITED STATES DISTRICT JUDGE